ILLINOIS CENTRAL RAILROAD COMPANY *v.* A. E. WEATHERSBY.

1. RAILROAD COMPANY. *Action against. Whether injury caused by running of train. Sections* 1047 *and* 1059, *Code* 1880.

W. brought an action for damages against a railroad company for causing the death of her mare. The declaration stated that the defendant negligently left open the gate to an inclosure of its road in a certain incorporated town, through which gate the animal went upon the railroad track, and while there was so frightened by the negligent running of a train on defendant's road, which train was going at a greater rate of speed than six miles an hour, that she (the mare) ran into a trestle in defendant's road, at one of the termini of the inclosure referred to, and was thereby fatally injured. *Held,* that the injury complained of does not come within the provisions of § 1059 of the Code of 1880, which makes proof of an injury caused by the " running of the locomotives or cars " of a railroad company *prima facie* evidence of negligence on the part of the company; nor within the provisions of §1047, which makes a railroad company liable in damages for any injury sustained by any one " from its locomotives or cars whilst they are running at a greater rate of speed than six miles an hour through any city, town, or village." And instructions in such case, based upon these statutes, are inapplicable.

2. SAME. *Action for death of horse. Issue. Burden of proof.*

The only question presented by the declaration in the case above stated is, whether the railroad company was guilty of negligence in not stopping its train when the dangerous situation of the animal was discovered by its servants. And upon this issue the burden of proof was upon the plaintiff.

APPEAL from the Circuit Court of Yalobusha County.

HON. W. S. FEATHERSTON, Judge.

Mrs. Annie E. Weathersby instituted this suit against the Illinois Central Railroad Co. for the killing of her mare. The declaration alleges that in 1882 or 1883 the defendant negligently and recklessly built a wire fence along the sides of its road in the corporate limits of the town of Water Valley; that the fences terminate in and lead up to a trestle; that a gate was built by the railroad company through this wire fence, which permitted the passage of animals from the commons near by into the space inclosed by the fences; and that the company willfully and negligently permitted this gate to stand open and become rotten and useless;

plaintiff's mare entered this inclosure through this gate, became terrified at a locomotive which was being run along defendant's track at an unlawful speed, ran against the wire fence on one side of the track, and in her flight plunged headlong into the trestle in defendant's road and was killed.

The defendant plead the general issue.

The instructions for the plaintiff were as follows:

" 1. If from the evidence in this case the jury believe that the mare in controversy was fatally injured by the running of defendant's cars or locomotive, then the burden of proof is on the defendant to show that its servants used all reasonable skill and care to prevent any damage to said mare.

" 2. If the jury believe from the evidence in this case that the plaintiff's mare was killed by or because of the running of a locomotive of defendant's within the corporate limits of the city of Water Valley, when said locomotive was running at a greater rate of speed than six miles an hour, then the defendant is liable for all injury and damage occasioned thereby, unless the accident was unavoidable with the exercise of reasonable skill and care on the part of defendant's servants.

" 3. If the jury believe from the evidence that the mare in controversy was killed by the running of defendant's locomotive and cars at a time and place where the engine and cars might have been stopped before doing the injury, by the exercise of reasonable care and skill by defendant's servants, and that the engineer in charge saw the mare far enough ahead to have stopped his engine, and thereby prevented the injury, but failed to do so, then this was such negligence on the part of the defendant as to render it liable for such damage."

There was no evidence which even tended to show that the mare was killed by the locomotive directly. The jury found for the plaintiff, and the defendant appealed.

*W. P. & J. B. Harris*, for the appellant.

The case is, if it is anything, as made by the pleadings and the evidence, that by means of the fence, itself alleged to be unlawful, and the neglect of the gate and the fright of the animal, the injury

was brought on by its attempts to escape; and that animals by being left to enter the inclosure were exposed to unusual hazards by reason of the company's arrangements.

It cannot be viewed as a case falling within the statute, § 1059, as to the burden of proof.

There was no evidence of a character to warrant the instructions given for plaintiff, and the court allows the plaintiff to abandon his declaration; and loose as our practice is, it does not allow of the drag-net style of declaring. A party must be held to the case he makes—and to the one case he makes.

*M. E. Sullivan,* for the appellee.

Formerly the rule in this State was that the party claiming damages must prove that due precaution to prevent the injury was not used by the company. Injury of itself was not regarded as evidence of negligence. The plaintiff was compelled to establish negligence by positive proof of it. *M. & O. R. R. Co.* v. *Hudson,* 50 Miss. 572.

In view of the decisions in this State holding the above rule, the legislature, for the purpose of changing and reversing that rule of evidence, enacted what is now § 1059 of the Code of 1880.

Mrs. Weathersby has established by evidence satisfactory to the jury that her mare was killed by the running of the locomotive or cars of the appellant.

There is no testimony in rebuttal showing the exercise of due care, reasonable skill, or unavoidable accident, as might have been adduced if it were true. *Railroad Company* v. *Packwood,* 59 Miss. 280.

On the contrary, it appears that the injury was inflicted within the corporate limits of the town of Water Valley, at a time and place when the engineer testifies he was running at the rate of ten or twelve miles an hour. As to the liability of the company in such case, see Code 1880, § 1047; *N. O. R. R. Co.* v. *Toulme,* 59 Miss. 284.

COOPER, C. J., delivered the opinion of the court.

The declaration is for an injury caused by the negligent acts of

the defendant in permitting its gate to be left open, by reason of which the plaintiff's mare strayed upon the track, and then by negligently so frightening her that she ran into a trestle and was fatally injured. The instructions asked by the plaintiff and given in the court below are applicable only in cases in which the injury has been inflicted by the " running " of the trains of a railroad. There is no allegation in the declaration that the injury was caused by the running of the train within the meaning of the statutes on this subject, nor was there any proof from which such fact could have been found by the jury. The sole question as presented by the declaration is whether the company was guilty of negligence in not stopping its train when the dangerous situation of the animal was discovered by its servants, and on this issue the burden of proof was on the plaintiff and not on the defendant.

*Judgment reversed.*